IT IS SO ORDERED. 9/4/2019

*/s/ Sara Lioi*
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JUSTINA GORSHA**, on behalf of herself and all others similarly situated, | ) ) ) Case No. 1:19-cv-01905 |
| Plaintiff, | ) ) Judge Sara Lioi |
| vs. | ) ) |
| **HUMMINGBIRD HOME CARE, LLC, et al,** | ) ) |
| Defendants. | ) **STIPULATION AND PROPOSED ORDER** ) **FOR CONDITIONAL CERTIFICATION,** ) **NOTICE, DUE DILIGENCE EXCHANGE** ) **AND MEDIATION** |

The parties believe they can avoid substantial litigation costs by entering into certain stipulations, exchanging due diligence materials, and negotiating a global settlement. Therefore, subject to the Court's approval, the parties hereby stipulate as set forth below and consent to the entry of this stipulation as an order of the Court. The stipulated matters consist of (1) conditional certification of the case as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of Plaintiff and others similarly situated, as defined herein, (2) provisions regarding the distribution of notice to potential opt-ins, (3) informal exchange of documents and information between the parties enabling them to conduct due diligence regarding the claims and issues, and (4) the exploration of settlement.

The following stipulations shall become effective between the parties upon the entry or endorsement of this stipulation as an order of the Court or the entry of a separate order approving the stipulation and ordering the matters contemplated.

## CONDITIONAL CERTIFICATION

1. Section 216(b) of the FLSA provides that "[a]n action to recover the liability prescribed" by the Act "may be maintained against any employer… by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Section 16(b) specifies that "[n]o employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Conditionally certifying a case as a collective action under § 216(b) permits notice to be given to potential opt-ins informing them of the collective action and permitting them to join the case pursuant to § 216(b). *Comer v. Wal-Mart Stores*, 454 F.3d 544, 546-48 (6th Cir. 2006). *See Myers v. Hertz Corp.*, 624 F.3d 537, 555, n.10 (2d Cir. 2010) (conditional certification's sole effect is "to facilitate the sending of notice to potential class members").

2. The parties stipulate that this case may be conditionally certified by the Court as a collective action under § 216(b) on behalf of Plaintiff and others similarly situated, defined as:

> **All former and current Home Health Aides, or similar home care providers with different job titles, who worked more than 40 hours in one or more workweeks between August 30, 2016 and the present (the "Collective Class Members").**

## PROVISIONS REGARDING NOTICE

3. The parties will jointly file a proposed plan for notice which shall include (i) the form of the proposed notice, (ii) the compilation of a roster of present and former employees to whom the notice will be sent, and (iii) logistical details of the distribution.

4. First, however, the parties respectfully ask the Court to postpone notice so that the proposed due-diligence exchange and settlement discussions can take place. If the that discussion is unsuccessful, the parties will engage the services of a mediator. If the parties are ultimately unable to settle this case, they will jointly ask the Court to approve a notice informing potential opt-ins of this case and enabling them to participate.

## DUE DILIGENCE EXCHANGE

5. For purposes of due diligence, the parties will exchange documents and information on or before September 16, 2019, as follows:

    (a) Defendant will provide, in Excel format, a spreadsheet identifying, by dates of employment, all Collective Class Members during the period beginning August 30, 2016 through the present.

    (b) Defendant will provide, in Excel format, time, payroll and other data for all Collective Class Members, showing their base hourly wages for each workweek, the amount of regular and overtime hours worked during each workweek, and the amount and dates of wages paid.

    (c) Defendant will provide, in Excel or PDF format, travel records for all Collective Class Members, including but not limited to times that Collective Class Members were working, and the addresses at which Collective Class Members worked.

## SETTLEMENT DISCUSSIONS

6. Following the due diligence exchange, the parties will engage in settlement discussions. If those discussions are unsuccessful, the parties will engage in mediation with a

mediator selected by mutual consent.

7. The parties agree that applicable statutes of limitations shall be tolled from August 30, 2019.

Respectfully submitted,

| | |
|---|---|
| */s/ Shannon M. Draher* | */s/Barry Y. Freeman* |
| Shannon M. Draher (0074304) | Barry Y. Freeman (0062040) |
| **Nilges Draher LLC** | **Buckingham, Doolittle & Burroughs, LLC** |
| 7266 Portage St. NW | 1375 E. 9th Street, 17th Floor |
| Suite D | Cleveland, OH 44114 |
| Massillon, Ohio 44646 | Telephone: (216) 736-4223 |
| Telephone: (330) 470-4428 | Facsimile: (216) 615-3023 |
| Facsimile: (330) 754-1430 | Email: bfreeman@bdblaw.com |
| Email: sdraher@ohlaborlaw.com | |
| | */s/Phillip A. Ciano* |
| Christopher J. Lalak (0090079) | Phillip A. Ciano (0066134) |
| **Nilges Draher LLC** | **Ciano & Goldwasser, LLP** |
| 614 West Superior Ave | ETON Tower |
| Suite 1148 | 28601 Chagrin Blvd., Suite 250 |
| Cleveland, OH 44113 | Beachwood, OH 44122 |
| Telephone: (216) 230-2955 | Telephone: (216) 658-9900 |
| e-mail: clalak@ohlaborlaw.com | Email: pac@c-g-law.com |
| | |
| *Counsel for Plaintiffs* | *Attorneys for Defendant* |