## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JUSTINA GORSHA**, on behalf of herself and all others similarly situated, | ) ) ) | CASE NO. 1:19-CV-01905 |
| Plaintiff, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) | **JOINT MOTION FOR APPROVAL OF SETTLEMENT** |
| **HUMMINGBIRD HOME CARE, LLC**, et al, | ) ) ) ) | |
| Defendants. | | |

For the reasons set forth below, Representative Plaintiff Justina Gorsha, on behalf of herself and the Opt-In Party Plaintiffs ("Plaintiffs"), and Defendants Hummingbird Home Care, LLC and Gia Cefaratti ("Defendants"), hereby move this Court for an Order: (1) approving their settlement of the FLSA collective action as fair and reasonable; and (2) dismissing the case, with prejudice, with each party to bear its own costs and attorneys' fees unless otherwise provided for in the *Joint Stipulation and Settlement and Release*.

In support of this *Motion*, the parties state that:

1. Representative Plaintiff alleged in the Complaint, among other things, claims for alleged unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and Ohio law.

2. Defendants denied Plaintiffs were entitled to the claimed overtime compensation.

3. Plaintiffs and Defendants are represented by their respective counsel.

4. In an effort to reach a resolution, and to avoid the expense and burden of litigation, the parties reached a settlement of all individual and collective FLSA claims asserted in the pending action, based on a Rule 68 offer of judgment and the parties' modifications to that offer of judgment. The terms are embodied in *the Joint Stipulation of Settlement and Release*.

5.      As explained in the *Declaration of Christopher J. Lalak*, Plaintiffs' Counsel believes that the proposed settlement is fair and reasonable. Specifically, if approved by the Court, the settlement will cover the Representative Plaintiff and all Opt-In Plaintiffs. Counsel for both parties agree the settlement amount will provide all Plaintiffs in excess of <u>100%</u> of their actual overtime wages, including all liquidated damages owed as calculated from documents produced by Defendants which included wage information and documents.

6.      In exchange, Plaintiffs' damage claims will be settled and dismissed. Plaintiffs will release all claims under the FLSA and Ohio wage laws. In exchange for her service payment, Representative Plaintiff will also provide a general release, which is not being attached because it does not require Court approval.

7.      The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). The Sixth Circuit has stated that the FLSA's attorneys' fees provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (citation omitted). The *Declaration* of Plaintiffs' Counsel Christopher J. Lalak contains information that demonstrates the reasonableness of the proposed fees and expenses. The Parties agree that the attorneys' fees and costs sought to be reimbursed are proper and reasonable.

8.      If the Court provides the approval sought herein, the parties, pursuant to Fed.R.Civ.P. 41, hereby stipulate to the dismissal of this case, with prejudice, each party to bear its own attorneys' fees and costs unless otherwise provided for in the *Joint Stipulation of*

*Settlement and Release*. The parties request that the Court retain jurisdiction to enforce the terms of their agreements, and Defendants do not oppose the requested fees and expenses.

WHEREFORE, Representative Plaintiff and Defendants respectfully request that the Court enter an Order: (1) approving the settlement between the parties as fair and reasonable; and (2) dismissing this case with prejudice, each party to bear its own attorneys' fees and costs unless otherwise provided for in the *Joint Stipulation of Settlement and Release*.

Respectfully submitted,

| | |
|---|---|
| /s/ Shannon M. Draher | /s/ Barry Y. Freeman |
| Shannon M. Draher (0074304) | Barry Y. Freeman (0062040) |
| Christopher J. Lalak (0090079) | **Roetzel & Andress, LPA** |
| **Nilges Draher LLC** | 1375 E. 9th Street, 10th Floor |
| 7266 Portage St. NW, Suite D | Cleveland, OH 44114 |
| Massillon, Ohio 44646 | Telephone: (216) 623-4850 |
| Telephone:     (330) 470-4428 | Facsimile: (216) 615-0134 |
| Facsimile:       (330) 754-1430 | Email: bfreeman@ralaw.com |
| Email: sdraher@ohlaborlaw.com | |
|            clalak@ohlaborlaw.com | Phillip A. Ciano (0066134) |
| | **Ciano & Goldwasser, LLP** |
| *Counsel for Plaintiffs* | ETON Tower |
| | 28601 Chagrin Blvd., Suite 250 |
| | Beachwood, OH 44122 Telephone: (216) 658-9900 Email: pac@c-g-law.com |
| | |
| | *Attorneys for Defendants* |

_____